**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jason Alan YBARRA, Defendant–Appellant.**

No. 10–50105
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 2010.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff-Appellee.

James Steven Hershberger, Midland, TX, for Defendant-Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jason Alan Ybarra appeals his conditional guilty plea conviction and sentence for distribution of cocaine base. As part of his plea agreement, Ybarra specifically reserved the right to appeal the denial of a motion to suppress cocaine base and other evidence seized during a search of his house. Ybarra argues on appeal that there was no showing of exigent circumstances, and the search was per se unreasonable because the officers did not knock and announce themselves or present a warrant. He challenges the district court's finding that officers did nothing more than conduct a protective sweep of the house prior to the issuance of a warrant.

When a district court's factual findings on a motion to suppress are based on live testimony at a suppression hearing, we will accept those findings unless they are "clearly erroneous or influenced by an incorrect view of the law." *United States v. Jackson*, 596 F.3d 236, 239–40 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, —— U.S. ——, 130 S.Ct. 2126, 176 L.Ed.2d 748 (2010). The existence of exigent circumstances is a factual finding reviewed for clear error. *United States v. Maldonado*, 472 F.3d 388, 392 (5th Cir.2006). In evaluating exigent circumstances, we consider "the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *United States v. Rodea*, 102 F.3d 1401, 1405 (5th Cir.1996)(internal quotation marks and citation omitted). When reasonable minds may disagree, we will "not second guess the judgment of experienced law enforcement officers concerning the risks of a particular situation." *United States v. Menchaca-Castruita*, 587 F.3d 283, 290 (5th Cir.2009) (internal quotation marks and citation omitted). Under the circumstances of this case, we conclude that the district court did not clearly err in finding that officers were justified in arresting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ybarra and conducting a protective sweep prior to obtaining a warrant. *See United States v. Rico,* 51 F.3d 495, 501–505 (5th Cir.1995)(finding that exigent circumstances justified search of a house after suspects were arrested outside as they prepared to depart in a vehicle suspected to contain contraband). The district court's determination that officers did nothing more than conduct a protective sweep of the house prior to issuance of the warrant is likewise not clearly erroneous. *Jackson,* 596 F.3d at 239–40.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.